## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| FRED EDGAR, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-0320-CV-W-DW-P |
| ) | |
| DAVE DORMIRE, et al., ) | |
| ) | |
| Respondents. | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 1998 convictions and sentences for first degree assault, felonious assault, forcible sodomy, kidnapping, and four counts of armed criminal action, which was entered in the Circuit Court of Jackson County, Missouri. Petitioner raises the following seven (5) grounds for relief: (1) punishment for both an underlying felony and armed criminal action for using a weapon in the commission of that felony violates the double jeopardy clause; (2) ineffective assistance of (a) trial counsel for failure to strike or rehabilitate juror Garret and other jurors, (b) trial counsel for failure to request a hearing on petitioner's motion to suppress his statement, and (c) direct appeal counsel for failure to challenge statements made by the prosecutor implying the future dangerousness of petitioner; (3) petitioner's statement to the police should have been suppressed and should not have been referred to as a confession; (4) insufficient evidence to support petitioner's convictions for first degree assault, forcible sodomy, and kidnapping; and (5) the prosecutor acted vindictively by requesting the maximum sentence, and the trial court committed misconduct by imposing an excessive sentence and by allowing the actions of the prosecutor to go unchecked.

**Procedurally Defaulted Grounds**

Respondent argues that petitioner has failed properly to raise Grounds 1, 2 (b) and (c), 3, 4, and 5 in the Missouri state courts. Doc. No. 7, pp. 3-7. Respondent contends that Ground 2(b)(ineffectiveness of trial counsel claim) is procedurally defaulted because it was not raised in the post-conviction relief motion. Respondents' Exhibit 9, pp. 18-22. Further, respondent contends that Ground 2 (c) (ineffectiveness of direct appeal counsel) is procedurally barred because this claim was not briefed in the appeal of the denial of post-conviction relief. Respondents' Exhibit 10, p. 16. Lowe-Bey v. Groose, 28 F.3d 816, 818-20 (8th Cir. 1994).

In Ground 1, petitioner contends that the court convicted him of an underlying felony and armed criminal action, based on committing the underlying felony with a weapon, in violation of the prohibition against double jeopardy[1]. In petitioner's reply to respondents' response, petitioner alleges that his ground for relief is premised on the multiple armed criminal action convictions he received for the use of the "same hammer in one continuous act of violence." Doc. No. 9, p.4. Respondents contend that Ground 1 is procedurally defaulted because it was not raised on direct appeal or in a post-conviction relief motion. Respondents' Exhibit 5, p. 9 and Exhibit 9, pp. 18-22.

Respondent contends that Grounds 3, 4, and 5 (trial court error) are procedurally defaulted because the only ground in the direct appeal brief is petitioner's contention that the trial court failed to

---

[1] As respondents contend, petitioner's substantive claim is without merit as a matter of law. Missouri v. Hunter, 459 U.S. 359, 365-369 (1983) ("where the legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct . . . the prosecutor may seek and the trial court or jury may impose cumulative punishment . . . in a single trial").

2

instruct the jury to disregard the state's improper closing argument. Respondents' Exhibit 5, p. 9. Lowe-Bey, 28 F.3d at 818-20.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Petitioner failed to address any viable cause for and actual prejudice resulting from his state procedural default in his reply to respondent's response. See Doc. No. 9.

If petitioner contends that ineffective assistance of direct appeal counsel and/or Rule 29.15 motion and/or appellate counsel caused his state procedural default, he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Because petitioner failed properly to present the alleged ineffectiveness of appellate and/or post-conviction counsel to the state courts, he has failed to demonstrate legally sufficient cause for his default. Moreover, ineffective assistance of post-conviction counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998).

3

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence" in order to fit within the fundamental miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Grounds 1, 2 (b) and (c), 3, 4, and 5 will be denied.

### Ground 2(a)

In Ground 2(a), petitioner contends that his trial counsel was ineffective due to a failure to strike juror Garrett and other jurors for cause.[2] Petitioner argues that, due to the failure to strike or rehabilitate, he was denied an impartial jury as guaranteed by the Sixth and Fourteenth Amendments to the Untied States Constitution. Respondents' Exhibit 9, p. 18. The Missouri Court of Appeals found this claim to be without merit:

> In order to prevail on a claim of ineffective assistance of counsel, the movant must satisfy the two-prong test set forth in ***Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984)**, requiring proof by a preponderance of the evidence that: (1) counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances; and (2) the movant was prejudiced as a result. ***State v. Simmons*, 955 S.W.2d 729, 746 (Mo. *banc* 1997)**. If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and the movant's claim of ineffective assistance of counsel must fail. ***Id***. To satisfy the performance prong, the movant must overcome the presumptions that any challenged action was sound trial strategy and that counsel rendered adequate assistance and made all significant decisions in the exercise of professional judgment. ***Id***.

---

[2]As respondents contend, claim 8(a) in the motion for post-conviction relief challenged only the failure to strike or rehabilitate Garrett, not other unnamed jurors. Respondents' Exhibit 9, pp. 18-20. Moreover, the claim as presented to the Missouri Court of Appeals only referred to juror Garrett. Respondents' Exhibit 12, pp. 2-4. Therefore, petitioner's claim is only preserved in regard to juror Garrett. Flieger v. Delo, 16 F.3d 878, 885 (8th Cir. 1994) (petitioner must present same factual and legal claim in state and federal court).

4

To satisfy the prejudice prong, a movant must show a reasonable probability that, but for counsel's alleged deficiencies, the result of the proceeding would have been different. ***Id.***

Here, as to the performance prong, the appellant claims that trial counsel was deficient for failing to challenge Garrett for cause in that she had expressed an opinion in *voir dire*, indicating that she could not be fair and impartial. Thus, inasmuch as we will not convict trial counsel of being deficient for failing to do a futile act, ***Brooks v. State*, 51 S.W.3d 909, 914 (Mo. [Ct.] App. 2001)**, to be successful on his claim of ineffective assistance of counsel, the appellant had to show, *inter alia*, that a reasonable probability existed that Garrett, if requested by his trial counsel, would have been stricken for cause, based on her "doubts" about the appellant's innocence should he fail to present evidence and/or testify at trial.

In accordance with the Sixth and Fourteenth Amendments to the U.S. Constitution and Missouri Constitution Article I, Section 18(a), a criminal defendant is entitled to a fair and impartial jury. ***State v. Clark*, 981 S.W.2d 143, 146 (Mo. *banc* 1998)**. Likewise, a defendant is entitled to a full panel of qualified venirepersons, who can be fair and impartial. ***State v. Thomas*, 70 S.W.3d 496, 507 (Mo. [Ct.] App. 2002)**. A venireperson who expresses a bias against a defendant for exercising his Fifth Amendment right not to testify is not considered fair and impartial, ***State v. Bishop*, 942 S.W.2d 945, 949-50 (Mo. [Ct.} App. 1997)**, making him subject to being struck for cause. However, "where an answer to a question suggests a possibility of bias and upon further questioning, the venire [person] gives unequivocal assurances of impartiality, the bare possibility of prejudice will not disqualify the juror or deprive the trial judge of discretion to seat the venire [person]." ***State v. Walton*, 796 S.W.2d 374, 377 (Mo. *banc* 1990)**. "This means that, if the prospective juror states he or she can set aside a stated concern, be fair and impartial, and follow the courts instructions, the prospective juror has been rehabilitated" and is qualified to sit on the jury. ***State v. Wilson*, 998 S.W.2d 202, 205 (Mo. [Ct.] App. 1999)**. "[T]he critical test [is] whether the venire [person] gave an equivocal or unequivocal response to the questions intended to rehabilitate [them]." ***State v. Weatherspoon*, 728 S.W.2d 267, 271 (Mo. [Ct.] App. 1987)**.

The motion court, while recognizing in its findings and conclusions that some of Garrett's responses during *voir dire* indicated that she had some initial concern about the defense not being required to rebut the State's case, including the appellant's not being required to testify, found that she had been rehabilitated by the subsequent questioning of defense counsel, indicating in her answers thereto that she would be a fair and impartial juror. In that regard, the record reflects the following:

> MR. TEJEDA: Ladies and gentlemen, yesterday when we broke, we were discussing burden of proof. I don't mean to get off on this and I'll

5

just - this is the last question. I just need to make sure that everyone understands.

Ladies and gentlemen, one of the other principles that goes in hand with the burden of proof is the right not to testify. In this country of ours under the American Jurisprudence system, each of us has the right to either take the stand and testify or not testify and nothing negative can be inferred from that. That's one of the great things about being in America. Each of us has that right and it's guaranteed to each of us.

Now, should my client, Mr. Edgar, after he consults with both myself and Mr. Schlegel, if he should decide not to take the stand, is there anyone who would hold that against him? And I'm not seeing any hands this morning.

Let me ask the question this way. Is there anyone who, if Mr. Edgar chose not to take the stand, would automatically find him guilty simply because he chose to exercise that right and not take the stand. And, again, I'm not seeking [sic] any hands.

Is there anyone here who expects and insists that the defense should present any evidence in this case? Is there anyone who would automatically find my client guilty just because the defense decided not to present any evidence? And I'm not seeing any hands.

The State contends that this follow-up questioning and the failure of Garrett to raise her hand unequivocally indicated that she would not draw any negative inferences from the appellant's failure to present evidence or testify, and that, therefore, she qualified as a fair and impartial juror. The appellant claims, however, that Garrett's silence cannot be considered an unequivocal assurance of impartiality for purposes of rehabilitating her concerning her previous doubts about the appellant's possible failure to testify at trial. The question then is whether Garrett's silence to the general question of whether any member of the venire would "hold [it] against" the appellant if he chose not to testify or present any evidence, constituted an unequivocal assurance of her impartiality.

In *State v. Clark*, **55 S.W.3d 398 (Mo. [Ct.] App. 2001)**, the Southern District of this court addressed the same issue confronting us here. In that case, a member of the venire initially indicated that she would have to hear from the defendant before she could acquit him. *Id.* **at 403**. Thereafter, the following exchange took place between the trial court and the venire:

6

> THE COURT: A number of you responded when [defense counsel] asked you about the defendant testifying or not testifying. You need to understand that the defendant has a constitutional right not to testify. I don't know whether he will testify or not testify in this trial. If, however, he chose not to testify and the court would then instruct you that you could draw no inference from the fact that he did not testify, how many of you could not follow that instruction?"
>
> [The court reporter noted in the transcript that no hands were raised in response to this question.]
>
> You are entitled to your opinions. I don't want to scare anybody off, okay? Your opinions aren't wrong. I just want to know how many of you could not follow that instruction?" [sic]
>
> [As before, the record reflects no jury panel member raised his or her hand in response to the court's question.]

*Id*. On direct appeal, the defendant claimed that the trial court erred in denying his motion to strike for cause the allegedly biased venireperson, who ultimately served on the jury. *Id.* He claimed that despite the juror's failure to respond to trial court's rehabilitative question, the juror had not unequivocally indicated that she could be fair and impartial in that "silence can never be an unequivocal demonstration that one can be impartial sufficient to constitute rehabilitation." *Id*. **at 404**. The appellate court disagreed, holding that the juror's silence constituted an unequivocal assurance of impartiality sufficient for purposes of rehabilitation. *Id*. **at 405** (citing *State v. Brown,* **669 S.W.2d 620, 623 (Mo. [Ct.] App. 1984)**). In doing so, the court explained that the juror "unequivocally stated, albeit by her silence, she could follow the court's instructions and the law and not form an adverse inference from Defendant choosing not to testify. This was sufficient for rehabilitation of a potential juror." *Id*.

In our case, Garrett indicated initially that if the appellant chose not to testify, "it would leave doubts in [her] mind as to why[.]" However, trial counsel then explained to the venire that not only does the State bear the burden of proof, but that the appellant indeed has a constitutional right not to testify. Thereafter, trial counsel again asked the venire several times if anyone would insist that his client testify, or if anyone would hold it against him if he chose not to testify, to which no one responded. We fail to discern any distinction between our case and *Clark*.

For the reasons stated, we find that Garrett's response to defense counsel's follow-up questioning, albeit through silence, unequivocally assured her impartiality,

7

qualifying her to serve as a juror such that the appellant failed to demonstrate, as required, that trial counsel was deficient for failing to challenge Garrett for cause on the basis alleged. Hence, we are not left with the firm impression that a mistake has been made with respect to the motion court's findings and conclusions in denying the appellant's Rule 29.15 motion.

Edgar v. State, 145 S.W.3d 458, 461-64 (Mo. Ct. App. 2004); Respondent's Exhibit 12, pp. 6-10.

The Missouri Court of Appeals' resolution of this claim was not based on an unreasonable determination of the facts or on a misapplication of federal constitutional law. See 28 U.S.C. 2254(d)(1) and (2); cf. United States v. Evans, 272 F.3d 1069, 1079 (8th Cir. 2001) (federal review is limited to abuse of discretion due to the substantial discretion given to district courts in conducting voir dire, and a district court's finding that a prospective juror can put aside any pretrial opinion and render a verdict based upon the evidence will not be overturned unless the error is manifest), cert. denied, 535 U.S. 1029 (2002). Because the state courts' findings of fact have fair support on the record and because petitioner has not rebutted those findings by clear and convincing evidence, see Miller v. Webb, 385 F.3d 666, 674 (6th Cir. 2004) (juror's express doubt as to her own impartiality does not necessarily entail a finding of actual bias); U.S. v. Martinez-Martinez, 369 F.3d 1076, 1082 (9th Cir. 2004) (where a silent response to a group question specifically commits a venireperson to put aside his preconceived notions, a judge is within her discretion to conclude that the juror has been rehabilitated) cert. denied, ___U.S.___, 125 S.Ct. 637 (2004), the Court defers to and adopts those factual conclusions. There is no "clear and convincing evidence" that venireperson Garrett did not unequivocally assure the court of her impartiality. Ground 2(a) will be denied.

## Motion to Remand Back to State Courts

Petitioner requests his case be remanded to the state courts to redress the following claims for

exhaustion or relief: (1) violation of the Double Jeopardy clause; (2) insufficient evidence; (3) ineffective assistance of trial counsel for failure to file a motion to suppress petitioner's statement; (4) ineffective assistance of direct appeal counsel for not challenging the prosecutor's closing arguments; and (5) excessive sentencing and prosecutorial misconduct. Doc. No. 11. Petitioner requests this remand due to the failure of his attorneys to address these claims during his Rule 29.15 evidentiary hearing, his direct appeal brief, or his 29.15 appeal brief. Doc. No. 11.

As respondents contend, failure to challenge the effectiveness of direct appeal counsel in a timely Rule 29.15 motion bars petitioner from asserting the actions of direct appeal counsel constituted cause to excuse the default of his trial error claims. See Missouri Supreme Court Rule 29.15(a); see also Edwards v. Carpenter, 529 U.S. 446, 453 (2000). In any event, petitioner's double jeopardy claim is without merit because the United States Supreme Court explicitly has rejected the assertion that a Missouri court violates the Double Jeopardy Clause by punishing a convicted criminal both for an underlying offense and for armed criminal action in using a weapon in the commission of the offense. See Hunter, 459 U.S. at 365-369. For these reasons, petitioner's motion will be denied as moot.

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied;

(2) petitioner's motion for an evidentiary hearing (Doc. No. 10) is denied as moot;

(3) petitioner's motion for remand back to the state courts (Doc. No. 11) is denied as moot; and

(4) this case is dismissed with prejudice.

                                                      /s/ Dean Whipple

                                                       DEAN WHIPPLE
                                                       UNITED STATES DISTRICT JUDGE

Kansas City, Missouri
Dated:  9/29/05